U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED    LAFAYETTE

SEP - 5 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **GREGORY A. DAVIS, SR.** | **CIVIL ACTION 14-2447** |
| **VERSUS** | **JUDGE HAIK** |
| **LAFAYETTE PARISH SCHOOL BOARD, ET AL** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the Court is a Federal Rule of Civil Procedure 12(b)(1) Motion to Dismiss filed by the Lafayette Parish School Board (Doc. #6). After full consideration of the motion, opposition, and all accompanying documents, the Motion to Dismiss is **GRANTED** for the following reasons:

On August 7, 2014, Gregory Davis, Sr. Filed a Complaint for Injunctive Relief against the Lafayette Parish School Board and two individual, currently elected, School Board members, Tehmi Chassion and Mark Babineaux. The Complaint focuses on two main issues–the adoption of a school budget and the continued employment of Superintendent Pat Cooper. The Complaint states:

> This is a civil action under 42 U.S.C. section 1983 for permanent injunctive relief to prohibit Defendants from participating, in their capacity as members of the Lafayette Parish School Board, individually or collectively, in any vote to terminate the employment contract of the Lafayette Parish School System Superintendent, Pat Cooper, and to enforce the provisions of LA R.S. 39:1312

1

which provides for a mandatory carry-over budget from the prior school year when a public body failed to adopt an annual budge prior to the end of its prior fiscal year.

The Complaint asserts subject matter jurisdiction over the action based upon 28 U.S.C. section 1331, 1343, and 1367. It claims the injunctive relief is further authorized by Rule 65 of the Federal Rules of Civil Procedure. The Complaint also details a brief history of the Lafayette Parish School Board and School District over the past few years, as well as the incredibly difficult relationship between Dr. Cooper and various board members, particularly Mr. Chassion and Mr. Babineaux.

Unfortunately, missing is the standing for Mr. Davis to bring these claims and ripeness of the claims for adjudication, resulting in a lack of subject matter jurisdiction. It is unfortunate because this Court agrees the dysfunction, inaction, and poor example being exhibited by the Lafayette Parish School Board and some parties associated with the Lafayette Parish School System continue to negatively impact the children of this community and should be addressed. Ideally, the parties would put their personal differences behind them and work together to responsibly carry out the duties entrusted to them by this community. In the absence of that, judicial intervention might, under some circumstances, become necessary. This Court and this plaintiff, however, are not the proper vehicle for redress.

**Applicable Law**

A lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) must result in dismissal of the suit. *Montecino v. Louisiana,* 55 F.Supp.2d. 547 (E.D. LA, 1999). The plaintiff bears the burden of proving subject matter jurisdiction. *Kokkonen v. Guardian Life Ins.*

*Co.*, 511 U.S. 375 (1994). A Court may decide a 12(b)(1) motion on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complain supplemented by undisputed facts plus the court's resolution of the disputed facts. *Barerra-Montenegro v. U.S.*, 74 F.3d. 657 (5th Cir., 1996).

In order to constitute an actual case or controversy for the court to resolve, the plaintiff involved must possess standing to bring the claim and the issue must be ripe for adjudication. "Standing is a 'irreducible constitutional minimum' necessary to make a justiciable 'case or controversy' under Article III." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998). "To have Article III standing to seek injunctive relief, a plaintiff must show that: (1) he is under threat of suffering injury-in-fact that is concrete and particularized; (2) the threat is actual and imminent, not conjectural or hypothetical; (3) the threat is fairly traceable to the challenged action of the defendant; and (4) it is likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Institute,* 555 U.S. 488 (2009).

Generally, the injury-in-fact requirement bars a person from asserting standing to vindicate a third party's constitutional rights. However, there is an exception–"In deciding whether to grant third-party standing, this Court asks whether the party asserting the right has a 'close' relationship with the person who possesses the right, and whether there is a 'hindrance' to the possessor's ability to protect his own interests." *Kowalski v. Tesmer,* 543 U.S. 125 (2004). Further, "Standing to sue may not be predicated on an interest of the kind which is held in common by all members of the public because of the necessarily abstract nature of injury all citizens share; concrete injury, whether actual or threatened, is that indispensable element of dispute which serves in part to cast it in a form traditionally capable of judicial resolution."

3

*Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208. That is, an injury shared by all or most citizens, in general, does not provide standing for an individual in federal court. This Court must look to the plaintiff seeking to bring his claim, not the general public.

Finally, in order for this court to assert jurisdiction, the issues presented must be ripe for adjudication. "Ripeness is a component of subject matter jurisdiction, because a court has no power to decide disputes that are not yet justiciable." *Lopez v. City of Houston,* 617 F.3d. 336 (5th Cir., 2010).

**Standing**

"The doctrine of standing is one of several doctrines that reflect this fundamental limitation. It requires federal courts to satisfy themselves that 'the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal jurisdiction." *Summers v. Earth, Id.,* citing *Warth v. Seldin,* 422 U.S. 490 (1975). Mr. Greg Davis is a long-standing citizen and respected member of the Lafayette community who has dedicated himself to a relationship with the Lafayette Parish School System. He has been involved in and dedicated to school related issues for a significant number of years. As noted in the filings, he is a grandfather of school age children, a responsible tax payer, and the owner of residential property in Lafayette. These are all admirable and respectable qualities. However, they do not give rise to standing in this case.

The Complaint appears to set forth a Constitutional claim for a violation of due process arising from the Board's actions with respect to Dr. Cooper. Although there is a general claim that the children the School Board is "charged with educating" will suffer harm if termination proceedings against Dr. Cooper are permitted to continue, there is no showing of a harm-in-fact

or imminent harm to Mr. Davis. As noted in *Schlesinger,* A general claim on behalf of the community under these circumstances, without more, is insufficient to give rise to a finding of standing. Although he owns property in a particular school district and his grandchildren reside in a particular school district, there is no evidence that he has suffered or will imminently suffer harm from proceedings against Dr. Cooper. His claims are speculative in this respect, at best.

Applying the law of *Kowalski,* Mr. Davis would generally be prohibited from bringing a claim on behalf of Dr. Cooper unless they shared a "close relationship" and there was some hindrance to Dr. Cooper bringing the claims on his own behalf. Both of these elements are missing. If Dr. Cooper's Constitutional rights to due process and fair hearing are violated by the Lafayette Parish School Board, he is capable of filing suit on his own behalf. The plaintiff argues the defendant "misses the boat entirely" by asserting this fact, however, the Court disagrees. It is a clear application of the law as it stands. The plaintiff has failed to prove how the relationship between Dr. Cooper and Mr. Davis could give rise to standing and failed to address what it is that hinders Dr. Cooper from asserting his own rights, the essential second aspect of the inquiry. To overcome the general rule prohibiting third party standing, the plaintiff must carry that burden.

Secondly, the plaintiff appears to argue an equal protection clause claim, in violation of the Fourteenth Amendment, resulting from a disproportionate impact on the minority and disadvantaged students from the failure to accept the proposed budgets submitted by Dr. Cooper. Again, the Court finds these claims are speculative and insufficient to establish any jurisdictional basis. Even if the claims were not speculative, the plaintiff failed to carry the burden of showing the injury-in-fact and causal connection to Mr. Davis. Simply having grandchildren in the potentially affected areas doesn't satisfy the burden. The assertion regarding the potential impact

5

on property values is nothing more than speculation. The <u>actual injury</u> to <u>this</u> plaintiff is missing. These claims also appear to assert a claim on behalf of a community, or a large number of community members, impermissibly. Nothing in the plaintiff's brief has convinced the Court otherwise.

Mr. Davis has failed to establish how <u>his</u> relationship to potentially affected parties gives rise to standing. "To have standing to sue for injunctive relief, the threat of injury must be concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical." *Summers, Id.* Here, the Court finds no injury or imminent injury to Mr. Davis or any party on whose behalf he may seek redress. Consequently, the Court lacks subject matter jurisdiction over the claims asserted.

**Ripeness**

With respect to the timing of the Complaint, the School Board is in the process of taking action against Dr. Cooper. Although the ongoing discourse is disappointing and a threat to the entire community, particularly those young members who have entrusted those in power within the Lafayette Parish School System to carry out their duties honorably and in the best interest of their charges, it is an ongoing process which does not appear to be ripe for adjudication at this time, in this Court, nor through this plaintiff.

With respect to the budget, LA R.S. 17:88 requires the School Board to adopt a budget by September 15 and submit it to the Department of Education by September 30. These dates have not yet passed, so this claim is not yet ripe for adjudication. Further, there has been no showing beyond conclusory allegations that a "disproportionate impact" is likely or will occur. Without any actual injury or imminent injury, the claim is premature.

Although some violations of State law may have occurred during this budget process, those claims are not properly before this Court, as they do not implicate Constitutional violations.

**State Law Claims**

As the Court has found it lacks subject matter jurisdiction over the claims asserted in this action, the Complaint must be dismissed in its entirety, including pendent state law claims. *Arbaugh v. Y&H Corp.,* 546 U.S. 500 (2006). The Court notes, however, that the dismissal of the State law claims from this venue is not a reflection on the merits of those issues. The claims asserted in this case may properly belong in State Court and this Court has no intention of precluding those rights.

Based on the foregoing, this matter is **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE** and **SIGNED** on this **15th day of September, 2014.**

_____
**RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA**